Filed 2/10/21  C.L. v. Super. Ct. CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| C.L., | H048630 |
| Petitioner, | (Santa Cruz County Super. Ct. No. 17JU00028) |
| v. | |
| THE SUPERIOR COURT OF SANTA CRUZ COUNTY | |
| Respondent; | |
| SANTA CRUZ COUNTY HUMAN SERVICES DEPARTMENT, | |
| Real Party in Interest. | |

C.L. challenges the juvenile court's order terminating reunification services and setting a Welfare and Institutions Code section 366.26[1] hearing regarding C.L.'s son, E.L. (the child).

A petition was filed in February 2017, shortly after the child's birth, alleging that C.L. and the child's mother were unable to care for and protect the child.  The child was suffering from narcotics withdrawal at birth and remained in the neonatal ICU at the time of the petition.  In June 2017, the court found the petition true but did not remove the

---

[1] All further statutory references are to the Welfare and Institutions Code.

child from parental custody.  The parents were granted family maintenance services.  At the February 2018 six-month review, the court continued services.  At the September 2018, 12-month review hearing, the court continued family maintenance services.  At the March 2019, 18-month review hearing, the court again continued family maintenance services.

In September 2019, the Santa Cruz County Human Services Department filed a section 387 petition seeking removal of the child from parental custody and his placement in foster care.  The juvenile court detained the child.  The child's mother submitted on the petition.  In November 2019, after a hearing on the section 387 petition, the court found that the previous disposition had been ineffective, removed the child from parental custody, placed him in foster care, and granted the parents reunification services.

At the June 2020 six-month review hearing, the court continued services to both parents.  At the November 2020, 12-month review hearing, the Department asked the court to terminate services and set a section 366.26 hearing.  After a contested hearing, the court found that the parents had been offered and provided reasonable services, terminated services, and set a section 366.26 hearing for March 9, 2021.

C.L. timely filed a  notice of intent to file a writ petition.  He subsequently filed a three-page form petition that contained no contentions concerning the validity of the juvenile court's order.  He checked boxes requesting that the juvenile court's order be vacated and that reunification services be continued, but he provided no explanation as to why we should order the juvenile court to vacate its order and continue reunification services.

Because C.L. has failed to provide any explanation of the basis for his challenge to the juvenile court's order, we conclude that his petition should be considered abandoned, and we deny the petition.

                                    _____

                                    ELIA, ACTING P. J.

WE CONCUR:

_____

BAMATTRE-MANOUKIAN, J.

_____

DANNER, J.

*C.L. v. Superior Court*
H048630